IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAN MOXLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>PETER K. KUBOTA and STATE OF HAWAIʻI,<br><br>        Defendants. | Case No. 22-cv-401-DKW-RT<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE**[1] |

On September 2, 2022, Plaintiff Jan Moxley, proceeding *pro se*, filed a Complaint in this Court, seeking damages and injunctive relief from the State of Hawaiʻi and Judge Peter K. Kubota, a state judge in the Circuit Court of the Third Circuit for the State of Hawaiʻi. Dkt. No. 1. Moxley is currently the defendant in a state mortgage foreclosure case, and Judge Kubota was the presiding judge over most of the foreclosure litigation. Moxley claims that Judge Kubota violated his constitutional rights in various ways during the litigation, including by entering judgment against Moxley. Alongside his Complaint, Moxley filed an application to proceed *in forma pauperis* (IFP) and an application for permission to participate in electronic filing. Dkt. Nos. 3, 6.

---

[1] Pursuant to LR 7.1(c), the Court finds these matters suitable for disposition without a hearing.

1

This Court dismisses Moxley's Complaint because (1) the Complaint seeks monetary relief from Defendants that are immune from such relief and (2) the Court lacks subject matter jurisdiction to review a state-court judgment under *Rooker-Feldman*. Because these deficiencies cannot be cured by amendment, Moxley's Complaint is DISMISSED WITH PREJUDICE, and the Clerk is instructed to CLOSE this case.

## LEGAL STANDARD

"[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Therefore, every civil action commenced pursuant to 28 U.S.C. § 1915(a) is subject to mandatory screening and possible dismissal of any claims that are "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## RELEVANT FACTUAL BACKGROUND

This matter began on September 8, 2017 when lender U.S. Bank filed a complaint against Moxley in the Third Circuit for the State of Hawaiʻi, seeking to foreclose on Moxley's mortgage as a result of Moxley's default under the

associated promissory note.² State Dkt. No. 2.³ Service of the complaint was completed on August 9, 2018, at which time the presiding judge was Judge Greg K. Nakamura. *See* State Dkt. No. 34. Throughout the subsequent state litigation, Moxley was not represented by counsel.

On December 13, 2018, U.S. Bank filed a Motion for Summary Judgment and for Interlocutory Decree of Foreclosure ("MSJ"), contending that there was no genuine dispute of material fact that the four elements of foreclosure were met. State Dkt. No. 19. On March 29, 2019, Moxley opposed the MSJ by declaration and affidavit, claiming that the predecessor to the mortgage service provider, JP Morgan Chase Bank, had committed "fraud and a breach of contract," rendering the mortgage and note "void and unenforceable." *See* State Dkt. Nos. 17, 20.⁴

---

²The Court has supplemented the factual allegations in Moxley's inscrutable Complaint with a review of the state court docket. *See* Fed. R. Evid. 201(b) (stating that the Court may take judicial notice of publicly filed and available court documents that cannot and have not been reasonably questioned). All facts and inferences have been construed liberally and in the light most favorable to Moxley. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); Fed. R. Civ. P. 12(b)(6); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) ("At the pleading stage, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.").

³The state docket for Case No. 3CC171000292 will be cited in this Order as "State Dkt." while the instant federal docket will be cited as "Dkt."

⁴More specifically, Moxley claimed that, in the wake of Hurricane Iselle in the summer of 2014, a Chase representative pledged to enroll him in a so-called "disaster relief program," in which Moxley could cease payments on his mortgage for six months, and after which "the six months' worth of missed payments were to be added to the end of the loan." State Dkt. No. 20 at 9–10. However, after the six-month period ended, a Chase representative informed Moxley that "this program they offered was not available from the lender, . . . U.S. Bank." *Id.* at 10. Moxley asserted that Chase refused to release phone call recordings proving the fraud. Along with his opposition, Moxley filed a "Motion to Declare [the] Mortgage and Promissory Note Void and Unenforceable." State Dkt. Nos. 20, 31.

3

On June 17, 2019, Judge Nakamura denied the MSJ without prejudice, finding that "there [we]re genuine issues of material fact" for trial, but not providing additional detail or clarifying which issues of fact were in dispute. State Dkt. No. 24. On July 17, 2019, U.S. Bank filed a Motion for Clarification and/or Reconsideration of the denial, State Dkt. No. 26, which Judge Nakamura denied on September 30, 2019. State Dkt. No. 33.

In November 2019, Judge Nakamura retired, and the case was re-assigned to Judge Peter K. Kubota, Defendant here.

On April 28, 2020, U.S. Bank filed a Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure ("Renewed MSJ"), again contending that the four elements of foreclosure had been met. State Dkt. Nos. 50–51. Moxley did not oppose the Renewed MSJ. Nor did he appear at the June 25, 2020 hearing on the motion. At that hearing, Judge Kubota orally granted the Renewed MSJ, citing the facts presented by U.S. Bank and the lack of opposition from Moxley. State Dkt. No. 53. Judge Kubota directed counsel for U.S. Bank to prepare a written order for his later approval. *Id.*

On July 13, 2020, before the written order was filed, Moxley filed a premature "Motion to Set Aside Summary Judgment," claiming he had never received notice of the Renewed MSJ or associated hearing due to pandemic-related U.S. Postal Service delays and interruptions, and thus had been deprived of the

opportunity to oppose the motion. State Dkt. No. 54. He also questioned the reversal in course from Judge Nakamura's prior denial of summary judgment.[5] *Id.* On August 26, 2020, Judge Kubota denied Moxley's Motion to Set Aside, apparently because the grant of summary judgment would not be ripe for reconsideration until the written order was published.[6] *See* State Dkt. Nos. 75, 82.

On September 28, 2020, Dkt. No. 95, the court filed its written order granting the Renewed MSJ. State Dkt. No. 95. Finding Moxley to be in default in the amount of $757,831.37, the court entered Judgment against him. State Dkt. Nos. 95, 97.

On October 13, 2020, Moxley filed a Motion to Reconsider Summary Judgment and to Set a Date for Jury Trial.[7] State Dkt. No. 109. In this motion, he again contended that the matter had not been fairly litigated because he had not received notice of the April 28, 2020 Renewed MSJ or June 25, 2020 hearing. *Id.*

---

[5]On August 7, 2020, Moxley filed two additional motions in misguided attempts to flank the June 25, 2020 oral grant of summary judgment: a Motion to Dismiss and a Renewed Motion to Declare [His] Note and Mortgage Void and Unenforceable. State Dkt. Nos. 63, 65. A hearing on these motions was held on September 8, 2020, and the motions were subsequently denied without explanatory detail.

[6]Judge Kubota's written order, State Dkt. No. 75, did not explain why he was denying Moxley's Motion to Set Aside. However, at the September 8, 2020 hearing on other motions, Judge Kubota stated that Moxley could move for reconsideration after the written order granting summary judgment was filed. State Dkt. No. 82.

[7]The motion was fully entitled, "Motion to Either (1) Reconsider Defendant's Motion to Declare Defendant's Note and Mortgage Void and Unenforceable; or (2) Reconsider Defendant's Motion to Dismiss Civil Case 17-1-0292; or (3) Reconsider Defendant's Motion to Set Aside Judgment Entered on September 28, 2020 and Set Date for Jury Trial; or (4) Motion to Stay or Set Aside Judgment Entered on September 28, 2020 Pending an Appeal." State Dkt. No. 109.

On October 23, 2020, U.S. Bank opposed Moxley's Motion to Reconsider, asserting that it had properly served notice of the Renewed MSJ and hearing via U.S. mail.  State Dkt. No. 111 at 6–7; *see also* State Dkt. No. 56 at 4.  By minute order on November 16, 2020 and written order on December 16, 2020, Judge Kubota denied the Motion to Reconsider without explanatory detail.  State Dkt. Nos. 117, 128.

On December 3, 2020, Moxley filed a "Renewed Motion Demand for Jury Trial," State Dkt. No. 124, which the court denied by minute order on December 30, 2020 and written order on January 25, 2021, without explanatory detail.  State Dkt. Nos. 134, 140.

On January 29, 2021, Moxley filed an "Ex Parte Motion to Extend Time to File a Notice of Appeal" of the December 30, 2020 minute order, claiming that he did not receive prompt notice of the minute order by U.S. mail.  State Dkt. No. 145.  On February 9, 2021, the court denied this motion by written order, explaining that Moxley still had time to appeal the court's denial of his Renewed Motion Demand for Jury Trial because the written denial order was only published on January 25, 2021.  State Dkt. No. 152.  The court also stated that Moxley had been "provided notice with the [December 30, 2020] Minute Order via [JEFS] for which he is a subscriber." *Id.*

On February 24, 2021, Moxley filed a Notice of Appeal in the Intermediate Court of Appeals (ICA) as to (i) the Judgment entered on September 28, 2020, (ii) the December 16, 2020 denial of his October 13, 2021 Motion to Reconsider, and (iii) the January 25, 2022 denial of his December 3, 2020 Renewed Motion Demand for Jury Trial.  State Dkt. Nos. 154, 156.

On May 13, 2021, the ICA dismissed Moxley's appeal in all three respects. First, Moxley failed to appeal the September 28, 2020 Judgment within 30 days, as required by Haw. R. App. P. 4(a)(1).  *See U.S. Bank v. Moxley*, 2021 WL 1924131 (Haw. App. Ct. May 13, 2021).  The ICA found that Moxley's October 13, 2020 and December 3, 2020 motions did not toll or extend the appeal window and explained that it had no discretion to disregard the lateness of the appeal.  *Id.* ("The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and appellate courts cannot disregard in the exercise of judicial discretion.") (citing *Bacon v. Karlin*, 727 P.2d 1127, 1129 (Haw. 1986)).  Second, Moxley also failed to appeal the December 16, 2020 Order Denying Reconsideration within 30 days.  *Id.*  Finally, although Moxley did timely appeal the January 25, 2021 Order Denying his Renewed Motion Demand for Jury Trial, the ICA explained that issue was moot because his demand for a jury trial

"pertain[ed] to the merits of the underlying foreclosure case," on which the circuit court had already ruled via the Judgment and December 16, 2020 Order. *Id.* at *2.[8]

On July 26, 2021, Moxley filed an application for a writ of certiorari in the Hawaiʻi Supreme Court, which the Hawaiʻi Supreme Court dismissed without explanation on September 8, 2021. *U.S. Bank v. Moxley*, 2021 WL 4077824 (Haw. Sep. 8, 2021).

On May 17, 2022, against Moxley's objections,[9] Moxley's house was declared sold at public auction to U.S. Bank for $576,000.00. State Dkt. No. 181 ¶ (2)(I).

On May 31, 2022, U.S. Bank filed a Motion for Confirmation of Foreclosure Sale, State Dkt. No. 183, and a hearing was set for June 30, 2022 before Judge Kubota. *See* State Dkt. No. 191.

On June 28, 2022, Moxley filed an Ex Parte Motion for Judge Kubota to Recuse from Presiding Judge in the case ("Recusal Motion"), due to Moxley's forthcoming federal civil rights complaint against him. State Dkt. No. 189.

---

[8]On May 25, 2021, Moxley filed a motion for reconsideration of the ICA's dismissal, which the ICA denied on May 27, 2021. *U.S. Bank v. Moxley*, 2021 WL 2163611 (Haw. App. Ct. May 27, 2021).

[9]On December 18, 2021, the Court-appointed Commissioner filed a Motion to Allow Sale without Open House. State Dkt. No. 166. In opposition, on January 3, 2022, Moxley stated that he had a constitutional due process right to a trial on the issue and that he wished to "seek relief in the higher United States Federal District Court and [his] property must not be sold until [he] exhausts all legal options under the law and whether those options [he] initiates are ruled on against [him]." State Dkt. No. 170 at 3. On March 16, 2022, the circuit court granted the Motion to Allow Sale without Open House. State Dkt. No. 177,

At the scheduled June 30, 2022 confirmation-of-sale hearing, Judge Kubota stated that he would not recuse himself but would send the Recusal Motion to Chief Judge Robert D. S. Kim for disposition.  State Dkt. No. 191.  Judge Kubota then continued the confirmation-of-sale hearing to September 29, 2022.  *Id.*

On September 2, 2022, Moxley filed the instant civil rights Complaint in this Court, naming Judge Kubota as a Defendant.  Dkt. No. 1 ("Complaint").  As a result, Chief Judge Kim granted the Recusal Motion on September 14, 2022.  State Dkt. No. 200.

***

In the Complaint, pursuant to 42 U.S.C. § 1983,[10] Moxley alleges that the State of Hawaiʻi and Judge Kubota deprived him of his constitutional due process "right of Notice, [] right to be Heard, and [] right to Appeal."  Complaint ¶ 7.[11] More specifically, his grievances are:

1. The circuit court failed to inform Moxley that the case against him was re-assigned to Judge Kubota after Judge Nakamura's November 2019 retirement.  Complaint ¶ 4.

2. Judge Kubota granted summary judgment in U.S. Bank's favor on September 28, 2020, without explaining or justifying why his decision differed from Judge Nakamura's June 17, 2019 denial of summary judgment.  *Id.* ¶ 4; *see also* State Dkt. No. 24.

---

[10] 42 U.S.C. § 1983 provides private individuals with a right of action against state officials for federal civil rights violations committed while acting as state actors.
[11] Moxley also alleges general violations under the Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments.  Complaint ¶ 1.

3. Judge Kubota told Moxley at a September 8, 2020 hearing that Moxley would be allowed to "present his defense" at a later hearing, but then denied Moxley such hearing, instead "forc[ing]" him to file his October 13, 2020 Motion to Reconsider as a "non-hearing" motion. Complaint ¶ 5.

4. The circuit court sent the September 28, 2020 Judgment to *pro se* litigant Moxley via U.S. Mail, causing it to "arrive[] late due to the pandemic, [and] lowering the number of days of prescribed time to file" any appellate motions. *Id.*

5. Judge Kubota "purposely delayed" his denial of the October 13, 2020 Motion to Reconsider until the time to appeal the Judgment and/or the Order Denying Reconsideration had expired. *Id.* ¶ 6.[12]

6. Judge Kubota "lied" in his February 9, 2021 Order Denying Moxley's "Ex-Parte Motion to Extend Time to File a Notice of Appeal," by indicating that Moxley was a JEFS subscriber when, in fact, Moxley was not a JEFS subscriber. *Id.* ¶ 3; *see also* State Dkt. No. 152.

7. The ICA used Moxley's JEFS subscribership as "a factor in [its] decision to not accept" Moxley's appeal and also failed to consider that pandemic-related U.S. mail delivery delays and a courthouse closure on Columbus Day, October 12, 2020, were the cause of his failure to timely file his appeal of the September 28, 2020 Judgment. Complaint ¶ 3.[13]

---

[12]Judge Kubota denied this motion by minute order on November 16, 2020 and written order on December 16, 2020, at which point the 30-day appeal window for that order opened. State Dkt. Nos. 117, 128. This denial did not affect the 30-day window in which Moxley was allowed to appeal the September 28, 2020 Judgment.

[13]The ICA did not rely on Moxley's JEFS subscribership in its dismissal of his appeal. The only thing on which the ICA relied was the fact that Moxley filed his Notice of Appeal on February 24, 2021. The October 12, 2020 courthouse closure and any mail delay does not explain why Moxley was unable to file his appeal of the September 28, 2020 Judgment within 30 days from entry, especially given that he filed his Motion to Reconsider on October 13, 2020. Moxley seems to be under the misapprehension that he needed to wait to file his Notice of Appeal until after Judge Kubota denied his Motion to Reconsider, which took place by written order on December 16, 2020. In fact, although Moxley was within his rights to attempt his Motion to Reconsider, that motion did not toll the 30-day window for appeal, as the ICA explained when it dismissed his appeal for tardiness. *Moxley*, 2021 WL 1924131 at *1. Thus, when Moxley finally did file his appeal, the ICA, in accordance with Hawai'i state law, lacked discretion to grant it.

8. The State of Hawai'i "failed to grant relief when [Moxley] contacted their civil rights division." *Id.* ¶ 7.

9. Judge Kubota and the State of Hawai'i failed to hold U.S. Bank and Chase "guilty of fraud, promissory estopp[el], obstruction to release discovery, and conspiracy." *Id.* ¶ 9.

As a remedy, Moxley seeks damages in the amount of $100,000,000.00 for "stress and trauma" caused by the seizure of his property without due process, along with economic losses due to his alleged inability to work while defending himself in this case. *Id.* at 7. He also seeks a preliminary injunction "to cease the confirmation of sale of [his] property," along with prospective relief for the "continued violations of [his] civil rights and the four years of delays for a jury trial demanded by [him] since the first hearing on August 9, 2018." *Id.*

## DISCUSSION

**I.  Moxley's claims against the State of Hawai'i are barred by sovereign immunity.**

"The Eleventh Amendment bars suits [that] seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). Here, the State of Hawai'i is clearly immune from Moxley's suit for both damages and an injunction, and these claims are dismissed. *See* Complaint ¶¶ 7, 9 (alleging that the State of Hawai'i "failed to grant relief when [Moxley]

contacted their civil rights division" and failed to hold U.S. Bank and Chase Bank "guilty of fraud, [etcetera]").

## II. Moxley's claims against Judge Kubota are barred by judicial immunity and *Rooker-Feldman*.

### A. Judicial Immunity

Judges are generally immune from section 1983 damages liability and suit. *Mireles v. Waco*, 502 U.S. 9 (1991). "This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."); *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

There are two exceptions to this rule. A judge does not enjoy immunity for: (1) nonjudicial actions or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Whether an act is "judicial" depends on (i) the "nature of the act itself, *i.e.*, whether it is a function normally performed by a judge," and (ii) the "expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12. In other words, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Id.* at 13.

Neither exception applies here. There is no question that Moxley complains of Judge Kubota's judicial actions done within his subject matter jurisdiction.

12

Moxley accuses Judge Kubota of intentionally sabotaging the litigation by (1) lying when he stated in his February 9, 2021 order that Moxley was a JEFS subscriber; (2) promising Moxley he would receive a hearing on his Motion to Reconsider and later denying such hearing; and (3) intentionally preventing Moxley's receipt of certain motions and orders by sending them via U.S. mail and/or delaying their issuance in order to prevent Moxley from timely opposing or appealing them.  Assuming these allegations to be true, each act was taken in the course of the circuit court judge's routine judicial duties, and Moxley experienced them as a litigant dealing with a judge in his judicial capacity.

Moxley also accuses Judge Kubota of (1) granting summary judgment in favor of U.S. Bank and entering Judgment against Moxley; (2) refusing to explain his decision in light of a prior decision to deny summary judgment without prejudice; (3) failing to find U.S. Bank and Chase Bank guilty of fraud and breach of contract; and (4) denying reconsideration, even though Moxley explained that he had not had the opportunity to oppose the Renewed MSJ.  Again, these are acts essential to the judicial function—to preside over and maintain order in litigation and to judge and decide motions based on their merits.  Moreover, Judge Kubota was well within his jurisdiction to make judicial rulings in a case properly before him in the Hawai'i Third Circuit Court, a trial court of general jurisdiction.  The aptness of a judge's decisions does not affect his immunity from suit.

13

Therefore, Moxley's claim against Judge Kubota for $100,000,000.00 in damages is dismissed. *See Mireles*, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

### B. *Rooker-Feldman*

Moxley also seeks prospective relief. He asks this Court "to cease the confirmation of sale of [his] property," currently set for hearing in the circuit court on September 29, 2022, because he believes the sale constitutes a deprivation of his property without due process, and the appellate courts did not consider all relevant factors when they dismissed his appeals. Complaint at 7; *see also* State Dkt. Nos. 181, 191. In effect, he wants this Court to set aside the adverse state-court judgments and force the Hawaiʻi courts to proceed with the foreclosure litigation.

Under the *Rooker-Feldman* doctrine,[14] this Court lacks jurisdiction to hear these sorts of de facto appeals from state-court judgments. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). While the U.S. Supreme Court has

---

[14]*Rooker-Feldman* derives its name from two Supreme Court cases, *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. App. Ct. v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, plaintiffs previously defeated in state court filed suit in federal district court, claiming that the adverse state-court judgment was unconstitutional and asking that it be declared "null and void." 263 U.S. at 414–15. The *Rooker* court explained that even if the state-court decision was wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an *appropriate and timely* appellate proceeding." *Id.* at 415 (emphasis added). Federal district courts are empowered to exercise only original, not appellate, jurisdiction. *Id.* at 416. The U.S. Supreme Court alone may exercise appellate authority to "reverse or modify" a state-court judgment. *Id.* at 416.

direct appellate authority over state-court judgments, federal district courts do not. *See id.*; 28 U.S.C. § 1257.  Stated another way, *Rooker-Feldman* bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

A judge *is* susceptible to injunctive suits for *ongoing* constitutional violations.  *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  But Moxley claims none, nor could he.  Judge Kubota has been recused and is no longer presiding over Moxley's state court action.  Moreover, though he attempts to allege "continued violations of [his] civil rights and [] four years of delays for a jury trial," *see* Complaint at 7, the real alleged violation—the Judgment against him—is actually in the past.  Any plausible remedy would entail a review of the state-court Judgment—something this Court simply lacks jurisdiction to do.

## CONCLUSION

For the reasons set forth above, Moxley's Complaint for damages and injunctive relief is DISMISSED WITH PREJUDICE.[15]  Moxley's application to

---

[15] "*Pro se* plaintiffs should be given an opportunity to amend their complaints to overcome any deficiencies unless it clearly appears the deficiency cannot be overcome by amendment." *Ashelman*, 793 F.2d at 1078 (citation omitted).  Even under this favorable standard, it is clear that amendment cannot overcome the deficiencies stated in this Order.

proceed *in forma pauperis*, Dkt. No. 3, is DENIED AS MOOT. The Clerk is directed to CLOSE this case.

Moxley's application for permission to participate in electronic filing is GRANTED. *See* Dkt. No. 6. If he wishes to do so, Moxley must contact the Clerk's Office to obtain the necessary information to allow him to file electronically. He must then comply with all rules regarding electronic filing and familiarize himself with the electronic filing resources, user guide, and training modules available on the Court's website.[16]

IT IS SO ORDERED.

DATED: September 19, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

<u>Jan Moxley v. Peter K. Kubota, et al</u>; Civil No. 22-00401 DKW-RT; **ORDER DISMISSING COMPLAINT WITH PREJUDICE**

---

[16]In his application, Moxley states that he understands that after he registers for electronic filing, he will no longer receive hard copies of documents by U.S. mail, and that he is required to regularly review the docket sheet in his case. Dkt. No. 6. He also understands that electronic filing privileges may be revoked by the Court. *Id.*